**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MARCUS HARGRAVE, | § | |
|              Plaintiff, | § | |
| v. | § | No. 1:20-CV-00784-RP |
| | § | |
| AIM DIRECTIONAL SERVICES, LLC, | § | |
|              Defendant. | § | |

**ORDER**

Before the court is Non-Party RigUp, Inc's Fee Application in Connection with Motion to Quash (Dkt. #10), Hargrave's Opposition to RigUp's Request for Fees Regarding Its Motion to Quash (Dkt. #18), and RigUp, Inc.'s Reply in Support of its Fee Application in Connection with its Motion to Quash (Dkt. #20).[1] Having considered the Plaintiff's motion, responsive pleadings, and the docket as a whole, the court enters the following Order.

**I.   BACKGROUND**

This matter stems from a discovery dispute in an FSLA lawsuit pending in Corpus Christi. *See Hargrave v. AIM Directional Servs., LLC*, Civ. A. No. 2:18-cv-449 (S.D. Tex. 2018) (Morales, J.) (the "Underlying Litigation"). In the course of the Underlying Litigation, Marcus Hargrave ("Hargrave") served a third-party subpoena on non-party RigUp, Inc. ("RigUp"), which demanded document production and a Rule 30(b)(6) deposition on the eve of the Underlying Litigation's discovery deadline. Upon receiving objections from RigUp, Hargrave sought and was granted an extended discovery deadline and responded to RigUp's objection by serving upon RigUp another, superfluously modified subpoena on the eve of the amended discovery deadline. *See* Dkt. #1 at 2;

---

[1] These motions were referred to the undersigned by United States District Judge, Robert Pitman, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (via Text Order on July 29, 2020).

1

Dkt. #9. RigUp responded by filing its Non-Party Motion to Quash and Motion for Protection, Dkt. #1, and Non-Party Motion to Stay Deposition and Request for Expedited Consideration, Dkt. #2, on Friday, July 24, 2020. Notably, the scheduled deposition in question was set to occur the following Tuesday, on July 28, 2020, and the amended discovery deadline was Friday, July 31, 2020. *See* Dkt. #2.

Upon being referred the above motions on July 24, 2020 and noting the "time sensitivities underlying both motions, specifically the deposition set on July 28, 2020," the undersigned scheduled an electronic Zoom hearing for Monday, July 27, 2020.[2] Dkt. #4. In the wake of this hearing, this court granted RigUp's Motion to Quash and Motion for Protection, Dkt. #1, and denied as moot RigUp's Motion to Stay Deposition and Request for Expedited Consideration, Dkt. #2. *See* Dkt. #13. Additionally, for the reasons articulated during the hearing and in the court's July 29, 2020 Order, the court found RigUp entitled to its reasonable attorney's fees incurred in connection with responding to the July 28, 2020 subpoena. *Id.* The undersigned posited that RigUp may submit a request for reasonable attorney's fees to the court pursuant to FED. R. CIV. P. 45(d)(1). Hargrave has appealed the undersigned's July 29, 2020 Order to United States District Judge Robert Pitman. *See* Dkt. #13, #17.[3]

Now before the court is RigUp's Fee Application in Connection with the Motion to Quash. *See* Dkt. #10. RigUp seeks $6,213 which is characterized as reasonable fees and costs incurred between July 15 and July 24, 2020 in preparing for, and participating in, the July 27, 2020 hearing.

---

[2] The undersigned noted that "[w]hile the court is aware that holding a hearing this promptly may burden the parties, the undersigned regrettably believes this is necessary given the facts of this dispute." Dkt. #4 at 1.

[3] As this court noted at the July 27, 2020 hearing, Hargrave was not afforded much time to respond to RigUp's "emergency" motion to quash due to the tight timeline between the "emergency" motion and the requested hearing. Although time was short, the court notes that Hargrave could have filed a written response but failed to do so. If Hargrave had done so, this court assumes it would have parroted the arguments made in its objection and briefing related to its current appeal. Having reviewed Hargrave's appeal briefing, there is nothing that causes the undersigned to reconsider its previous order.

Dkt. #20 at 4. RigUp explains that the requested fees relate (a) to only two associates that worked on the matter, (b) does not include the time of the partner that was also involved, and (c) does not include "any time spent by any attorney in preparing for/attending the oral hearing or in drafting the instant Fee Application." Dkt. #10 at 2. Hargrave responded by providing a summary of the procedural history between the parties leading up to the hearing and in doing so cast their decisions and behavior in a more favorable light. Hargrave's response is also critical of both the lack of detail provided in RigUp's initial request for fees and the total amount of fees sought by RigUp. In its reply, RigUp takes the position that it need not provide billing detail in support of a Rule 45(d)(1) fee request but begrudgingly provides greater detail in the form of a supplemental declaration of Ayesha Najam. Dkt. #20-1. That declaration concedes what Hargrave noted in its response – that RigUp failed to accurately add the total tabulated fees. Dkt. #18 at 1 n.1; Dkt. #20-1 at 6. While a sum of the individual totals equals $8,575.50, RigUp's failure to properly calculate its sums results in the $6,213.00 figure. The $6,213.00 figure only includes Associate Halpern's fees ($400/hour x 14.5 hours = $5,800) plus $365 in Westlaw fees and another $47 in filing fees. Nonetheless, the court will fully evaluate RigUp's requested attorney's fees.

**II.    APPLICABLE LAW**

RigUp is entitled to recover some amount of attorney's fees from Hargrave pursuant to Federal Rule of Civil Procedure 45(d)(1). Rule 45 provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty *and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees* – on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1) (emphasis added).

RigUp initially argued that because Rule 45(d)(1) operates as a sanction, a detailed explanation in support of the attorney's fees requested is unnecessary. The court disagrees. Any

Rule 45(d)(1) sanction must be reasonable. To determine reasonableness, the court must have a basis for that sanction. That basis starts with a review of the details provided in support of any requested attorney's fees. Despite its initial reluctance, RigUp provided additional support for its fees request in Ms. Najam's 8-page declaration. *See* Dkt. #20-1. While any sanction must be reasonable, the court retains its discretion to award all, some, or none of the requested fees.

Courts in the Fifth Circuit apply the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is defined by the market rate in the community. *Id.* (citing *Smith & Fuller*, 685 F.3d at 490). Litigants seeking attorney's fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Id.* (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). The lodestar amount is entitled to a strong presumption of reasonableness. *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorney's fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in

similar cases. *Id*. at 502 n.7 (citing *Johnson*, 488 F.2d at 717–19). Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

### III. Attorney's Fees

#### A. Hourly Rate

The appropriate hourly rate is defined by the market rate in the community. *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). The relevant market is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)). Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that "lions at the bar may command." *See Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000).

RigUp seeks an hourly rate of $450 for Associate Rosson's work and $400 for Associate Halpern's work. These rates reflect what RigUp is charged by law firm Gibbs & Bruns for the work of Rosson and Halpern, and RigUp argues that these rates "are consistent with the usual and customary fees charged by attorneys of equal skill, education, and experience in Houston and Austin." Dkt. #20-1 at 3. However, whether by mistake or otherwise, RigUp is only seeking the fees related to Associate Halpern's work. It was RigUp's responsibility to properly support their fee request. As a result, the court will focus only on the work of Associate Halpern and ignore the fact that Partner Najam and Associate Rosson worked on this matter as well.

Hargrave argues that the prevailing hourly rates are much lower. This court finds Hargrave's hourly rate analysis persuasive. Dkt. #18 at 8-10. That analysis will not be repeated

here. Importantly, this court relies on the most recent State Bar Hourly Rate Fact Sheet available. The State Bar Fact Sheet provides survey results of the hourly rates charged by attorneys broken down by geographic location, firm size, and practice area. Since Associate Halpern is a labor and employment attorney in Houston, the court will apply the 2015 State Bar Fact Sheet rate of $285. The court will use the $285 per hour rate to calculate the lodestar.

### B.     Hours Billed

"[Parties] seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black*, 732 F.3d at 502. RigUp seeks reimbursement for 14.5 hours worked by Associate Halpern. Partner Najam's declaration includes a July 31, 2020 invoice from Gibbs & Bruns. Unfortunately, it is difficult to determine which line items related to Associate Halpern's total of 17 hours that were included in the 14.5 hour request. Dkt. #20-1 at 5. Nonetheless, given RigUp's decision not to include the hours worked by Associate Rosson and Partner Najam, the court finds the 14.5 hours in fee reimbursement related to Associate Halpern reasonable.

### C.     Lodestar

Accordingly, applying the $285 hourly rate to the 14.5 hours worked, yields a lodestar amount of $4,132.50.

### D.     *Johnson* Factors

Upon review, the majority of the *Johnson* factors are neutral with the exception of the time limitations imposed and the fact that RigUp prevailed on the motion to quash. Those two factors certainly weigh in favor of RigUp. On the other hand, much of the work to prepare for the hearing was a summary or regurgitation of work that had been performed prior to July 15, 2020. That work had already been done over the past year in relation to the initial subpoena and the subsequent

deposition subpoena in April 2020 in the Southern District of Texas. Further, the hearing did not require any travel.

### E. Sanction

As previously noted, Rule 45(d)(1) is essentially a sanction. While the amount of reimbursable reasonable attorney's fees is important, the court retains final discretion on the appropriateness of a sanction. After using the attorney's fee analysis above as a basis and subsequently applying the *Johnson* factors and evaluating the gravity of the misconduct, the court finds that a 50% reduction is appropriate. This yields a final sanction of $2,478.75.[4]

This amount is undoubtedly unacceptable to RigUp. The amount does not compare to what RigUp spent in attorney's fees on this matter. Nor is any sanction, let alone a sanction approaching $2,500, acceptable to Hargrave. Instead the amount is designed to provide RigUp with some reimbursement while sanctioning Hargrave for unreasonable intransigence and brinksmanship with an innocent and previously cooperative third-party.

The Austin Division's district judges and their respective staff are already overworked with an ever-expanding docket. The parties should strongly consider either discussing the final resolution of this matter or the necessity of further appeals *before* a United States District Judge is required to weigh-in.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that pursuant to Federal Rule of Civil Procedure 45(d)(1), RigUp is entitled to reimbursable fees from Hargrave totaling $2,478.75 which were incurred in connection with responding to the July 28, 2020 subpoena. It is further ordered that should this, or any sanction, be sustained by the District Judge, proof of payment be provided

---

[4] $2,066.25 (50% of $4,132.50) + $365.50 in Westlaw fees and $47 in filing fees.

to the court within 30 days of the termination of all appeals by either party.

SIGNED October 1, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE